1900.) Action by Clarence S. McClellan and others against Naomi Duncombe. No opinion. Motion for reargument denied. See 49 N. Y. Supp. 679; 65 N. Y. Supp. 19.

McDONALD, Respondent, v. EVANS et al., Appellants. (Supreme Court, Appellate Division, Second Department. July 9, 1900.) Action by Daniel L. McDonald against Elizabeth Evans and others. No opinion. Order affirmed, with costs.

McFADDEN, Respondent, v. BLOCH et al., Appellants. (Supreme Court, Appellate Division, Second Department. May 29, 1900.) Action by Jane McFadden against Jacob Bloch and Meyer Bloch.

PER CURIAM. In a case of this character no permission to appeal to the court of appeals is required, nor are the appellants deprived of their right in that respect by the decision of this court that there is evidence supporting the findings of fact. The declaration to that effect in our order is merely a correct recital of the action of the court, and cannot properly be omitted with justice to the prevailing party. See 60 N. Y. Supp. 547, 64 N. Y. Supp. 101.

McGIVERN, Appellant, v. FALL BROOK RY. CO., Respondents. (Supreme Court, Appellate Division, Fourth Department. June 5, 1900.) Action by Margaret McGivern, as administratrix, etc., against the Fall Brook Railway Company.

PER CURIAM. Plaintiff's exceptions overruled. Motion for a new trial denied, with costs, and judgment ordered for the defendant, with costs. All concur, except SPRING and LAUGHLIN, JJ., dissenting.

MACK, Respondent, v. MILLER, Appellant. (Supreme Court, Appellate Division, First Department, June 8, 1900.) Action by James F. Mack against Charles C. Miller. E. D. Hawkins, for appellant. J. J. Quencer, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

McLELLAN, Appellant, v. GOODWIN, Respondent. (Supreme Court, Appellate Division, First Department. June 8, 1900.) Action by George B. McLellan against Nat. C. Goodwin. F. Bien, for appellant. A. F. Clark, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. See 59 N. Y. Supp. 290.

McLINSKY, Appellant, v. UNITED DRESSED–BEEF CO., Respondent. (Supreme Court, Appellate Division, First Department. June 15, 1900.) Action by Thomas McLinsky against the United Dressed-Beef Company. F. Pierce, for appellant. F. V. Johnson, for respondent. No opinion. Judgment and order affirmed, with costs.

McMAHON v. NEW YORK NEWS PUB. CO. (Supreme Court, Appellate Division, First Department. June 15, 1900.) Action by Martin J. McMahon against the New York News Publishing Company. No opinion. Motion denied, with $10 costs. See 64 N. Y. Supp. 713.

McTAGUE, Respondent, v. DOWST, Appellant. (Supreme Court, Appellate Division, Second Department. June 22, 1900.) Action by Josephine McTague, an infant, by Hugh McTague, her guardian ad litem, against Arthur A. Dowst. No opinion. Application for leave to appeal to the court of appeals denied. See 64 N. Y. Supp. 949.

MAHON, Appellant, v. CITY OF NEW YORK, Respondent. (Supreme Court, Appellate Division, First Department. June 22, 1900.) Action by Francis Mahon against the city of New York. B. Yates, for appellant. T. Connoly, for respondent. No opinion. Judgment affirmed, with costs. See 60 N. Y. Supp. 541.

MALONE, Appellant, v. FIRST NAT. BANK OF CITY OF BROOKLYN, Respondent. (Supreme Court, Appellate Division, Second Department. May 29, 1900.) Action by Sylvester L. Malone, as administrator of the goods, chattels, and credits which were of Sylvester Malone, deceased, against the First National Bank of the City of Brooklyn.

PER CURIAM. Order modified on argument, so as to reduce the allowance to defendant to $30, and, as thus modified, affirmed, without costs of appeal to either party.

MALTBY et al., Respondents, v. HEADLEY et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. May 22, 1900.) Judgment by Charles R. Maltby and another against James Headley and another. No opinion. Judgment affirmed, with costs.

MANASSE, Appellant, v. METROPOLITAN ST. RY. CO., Respondent. (Supreme Court, Appellate Division, First Department. May 25, 1900.) Action by Hulda Manasse against the Metropolitan Street-Railway Company. C. Steckler, for appellant. H. A. Robinson, for respondent. No opinion. Judgment reversed, and new trial ordered; costs to appellant to abide event.

In re MARCELLUS. (Supreme Court, Appellate Division, Third Department. March 23, 1900.) In the matter of Richard Marcellus and F. Jerome Clute, as administrators, etc., of John N. Marcellus, deceased. No opinion. Decree of the surrogate's court affirmed, with costs.

MASON et al., Appellants, v. UNITED PRESS OF ILLINOIS, Respondent. (Supreme Court, Appellate Division, First Department. May 25, 1900.) Action by Frederick G. Mason, as assignee, etc., and others, against the United Press of Illinois. No opinion. Motion denied. See 64 N. Y. Supp. 621.

MAYOR, ETC., v. McDERMOTT. (Supreme Court, Appellate Division, First Department.

June 22, 1900.) Action by the mayor, etc., against James McDermott. No opinion. Motion granted, with $10 costs.

---

**MERCANTILE SAFE-DEPOSIT CO. v. DIMON et al.** (Supreme Court, Appellate Division, First Department. June 15, 1900.) Action by the Mercantile Safe-Deposit Company against Charles L. Dimon and others. No opinion. Motion denied.

---

**METROPOLITAN MUT. SAVINGS & LOAN ASS'N,** Appellant, v. **SMITH et al.,** Respondents. (Supreme Court, Appellate Division. Fourth Department. June 5, 1900.) Action by the Metropolitan Mutual Savings & Loan Association against Jacob Smith and another. From a judgment in favor of plaintiff, and ordering a foreclosure and sale of the premises described in the complaint, plaintiff appeals. Affirmed, providing defendant shall consent to an increase of $17.80 in the judgment in favor of plaintiff; otherwise, reversed. Irving W. Cole, for appellant. Henry Adsit Bull, for respondents.

LAUGHLIN, J. The action is brought to foreclose a mortgage executed by the defendants to the plaintiff on the 25th day of August, 1898. The questions presented by the appeal are: (1) Is the amount specified in the decree the full amount due and owing on the mortgage? (2) Was the award of costs to the defendants justified? Plaintiff is a mutual savings and loan association, incorporated pursuant to the provisions of chapter 122 of the Laws of 1851. The defendant Jacob Smith became a member of the plaintiff association on the 22d day of August, 1898, agreeing to take 12 shares of common stock, class A. On that day he filed with the plaintiff an application in writing for a loan of $1,200 on said shares, upon which he had made no payment, and offered as security the premises described in the complaint, which were subject to lien of a mortgage for $800 and interest thereon from June 1, that year. The loan was allowed, and the substance of the agreement, which was evidenced by the application, an assignment of the stock executed by Jacob Smith, and a bond and mortgage executed by him and the defendant Magdalena Smith, his wife, bearing date the 22d day of August, 1898, was as follows: The bond and mortgage were to secure the payment of the sum of $1,200 and interest, but the association was to advance only $400, reserving the remainder to protect itself against said mortgage for $800, upon which, provided the member lived up to his contract obligation, the association was to pay the interest as the same fell due, and, at the maturity of the stock or when there should be sufficient to the credit of the stock to warrant such action, the association was to pay off the prior mortgage. In case the member defaulted in making any payment of interest, dues, or premium, the assignment of stock was to become absolute at the election of the association, and all credits to the stock might then be appropriated by it to the payment of any indebtedness owing by the member, including costs of foreclosure; and in case of such default for three months the association might, at its option, declare the whole amount due. The member was to pay all necessary expenses of procuring the loan, which were to be deducted from the amount loaned, and was to pay promptly on the third business day of each month, commencing with the month of August, 1898, until the maturity of the shares, and until sufficient moneys should be to the credit thereof in dues paid and profits apportioned to pay the principal and all fines and fees, monthly dues of 25 cents on each of said shares, and a similar amount for installments. The action was commenced on the 9th day of March, 1899. The complaint alleges that the member defaulted in all monthly payments after October 3, 1898, down to and including March 3, 1899, but that he paid the monthly payments of $12 each for the months of August, September, and October, 1898; that plaintiff has elected, pursuant to the assignment, to declare, and has declared, said assignment of stock absolute, and has canceled the shares and appropriated all credits thereto upon the amounts due on the loan; that plaintiff advanced $400 on the loan, for which amount, together with interest, dues, and premium on the whole amount secured by the mortgage, plaintiff demands judgment. The answer denies that plaintiff advanced $400. This issue of fact was properly presented and fully litigated upon the trial, and we find no error in that regard. The defendant Jacob Smith received checks from the association, payable to his order, for the full amount of $400. One of these checks was for the sum of $186.39. The evidence shows that this check was delivered to him at the office of plaintiff's attorney on the 1st day of September, 1898, and that he indorsed and redelivered it to plaintiff's representative, as requested. It was conceded by the pleadings and on the trial that of this amount the sum of $66.39 was a proper charge against the member for legitimate expenses of procuring the loan, and for dues, interest, and premium on the loan for the first three months. The court has found that the remainder of the proceeds of this check, being the sum of $120, was never delivered to the member. This finding is warranted by the evidence, and, if the issue had been properly presented, it might have defeated a foreclosure at this time; for it thus appears that the plaintiff retained from the loan more than sufficient to pay all that became due or owing to the plaintiff from the defendant Jacob Smith prior to the commencement of the action. But, inasmuch as the trial court has seen fit to decree a foreclosure and the defendants have not appealed, that question is not presented. The decision was made as of October 12, 1899, and the amount found due thereby for principal and interest is $311.70. The court, in its discretion, evidently on account of the fact that a large part of the loan was wrongfully withheld, awarded costs to the defendant. The balance thus found due and owing to the plaintiff is somewhat inaccurate, owing to an error in the method of computing the same. The court did not allow plaintiff for the $36 deducted in advance from the check for $186.39, on account of dues, interest, and premium for the months of August, September, and October, 1898; but the propriety of this charge was conceded by the pleadings and ad-